344

## CIRCUIT COURT OF LOUDOUN COUNTY

Donald Davis Roth, II

 v.

Kathleen Marie Roth

April 30, 2010

Case No. CL 59357

BY JUDGE THOMAS D. HORNE

Defendant has filed a Motion to Enforce Settlement Agreement. The subject Separation and Property Settlement Agreement was executed by the parties on December 12, 1988, and was later ratified and incorporated into a Final Decree of Divorce on February 13, 1990. At issue is paragraph 13 of the Agreement entitled "Retirement Pension."

The provision reads as follows:

The Parties acknowledge that the Husband is entitled to retirement benefits through his employment with the Fairfax County Board of Education including the Educational Employees' Supplemental Retirement System. The Husband agrees that the Wife is entitled to a monetary award from the pension benefits, if, as, and when received by the Husband; said award being a sum of money equal to forty percent (40%) of each payment or disbursement received, multiplied by a fraction, the numerator of the fraction being the number of years of the marriage up to the date of separation of the Parties while the Husband was employed by the Fairfax County Board of Education, the denominator being the total number of years of Husband's employment with the Fairfax County Board of Education.

The Husband further agrees to furnish to the Wife any and all documents necessary to assist her in obtaining direct payment of such funds. The Husband agrees that this Agreement shall serve as authorization to the Virginia Supplemental Retirement System, which administers his retirement benefits on behalf of the Fairfax County School Board or the custodian of said pension and benefit plan or to his estate to pay to the Wife her agreed upon share of said benefits or lump sum payment.

On August 31, 1990, the Court entered an agreed Qualified Domestic Relations Order implementing payment to Mrs. Roth, as Alternate Payee, of the interest of Mr. Roth, as Participant, in the Educational Employees' Supplemental Retirement System as provided in the Settlement Agreement and Final Decree of Divorce.

Following entry of the August 31, 1990, Qualified Domestic Relations Order, counsel for the Educational Employees' Supplemental Retirement System of Fairfax County corresponded with counsel for both Mr. and Mrs. Roth, indicating that under the then existing provisions of §§ 51-112 and 51-127.1 of the Virginia Code, payments directly to the non-member spouse could not be made. At that time, it was suggested that Mrs. Roth should apply directly to Mr. Roth for her share of the pension payments once Mr. Roth began to receive his retirement benefits.

In the online history of the Virginia Retirement System, it is noted:

The Virginia Supplemental Retirement System was created on March 1, 1952, as a supplement to Social Security. As a result of the Tax Reform Act of 1986, the integration of retirement and Social Security benefits was drastically restricted. VRS benefits are no longer considered a supplement to Social Security; therefore, the name of the system was changed back to the Virginia Retirement System by the 1990 session of the General Assembly. ... changes to the Virginia Constitution and the VRS enabling statutes occurred in 1995 and 1996. The Constitution of Virginia (Article X, Section 11) now requires the General Assembly to maintain a retirement system for State employees and employees of participating political subdivisions. The funds of the retirement system shall be deemed separate and independent trust funds, shall be segregated from all other

funds of the Commonwealth, and shall be invested and administered solely in the interests of the members and beneficiaries thereof.

http://www.varetire.org/About/History.asp.

In the overhaul of the provisions of Title 51, § 51-127.1 was deleted.

The Court entered an agreed Amended Qualified Domestic Relations Order providing for payment of the interest of Mrs. Roth in the Educational Employees' Supplemental Retirement System on July 8, 1997. Payment was to be made directly to her in accordance with § 20-107.3(G)(1), Va. Code. That Order was accepted for processing. In the letter to Mrs. Roth dated August 4, 1999, it was indicated that, effective July 1, 1999, she would begin to receive a monthly payment of $526.00. This amount represented the 40% interest in the marital share of Mr. Roth in the Educational Employees' Supplemental Retirement System of Fairfax County. In that correspondence, it was noted that the payment would be reduced to approximately $113.44 on April 1, 2011, a time when Mr. Roth would reach the age of 66.

Mr. Roth retired on June 30, 1999. Since the date of his retirement, he has received retirement benefits through the Virginia Retirement System as a result of his employment with the Fairfax Board of Education. Through the end of January 2010, Mr. Roth received $392,766.45 in benefits through the Virginia Retirement System. While this is a suit on the contract, it should be noted that the General Assembly has provided that, "legislation which effects a change in the amount of the retirement benefit other than a post-retirement supplement shall be construed to effect only the benefits of those persons who qualify for a retirement allowance on or after the effective date of the legislation." § 51.1-124.8, Va. Code.

It is the contention of Mrs. Roth, that she is entitled to a fractional interest in amounts paid to Mr. Roth as a result of his employment with the Fairfax Board of Education and participation in the Virginia Retirement System, even though the Virginia Retirement System had not yet come into being at the time of the formation of the Agreement. In that his years of service during the marriage were considered in establishing the benefits Mr. Roth has and will receive, Mrs. Roth contends these payments constitute "retirement benefits through his employment" and are contemplated by the use of the word "including" in the Agreement.

Nothing in the Agreement suggests that the parties contemplated future benefits would accrue to Mr. Roth through the VRS as a result of

his years of service during the marriage. No property right, including an inchoate right, in VRS can be identified at the time the Agreement was executed. Subsequent actions of the parties do not evidence an agreement with respect to Mrs. Roth's interest in a future pension right in VRS.

Counsel for Mrs. Roth has noted that, as a matter of construction, "the word 'includes' is usually a term of enlargement, and not of 'limitation,' and therefore 'conveys the conclusion that there are other items includable, though not specifically enumerated'." *Nextel WIP Lease Corp. v. Saunders*, 276 Va. 509, 517, 666 S.E.2d 317 (2008).

The maxim of *noscitur a sociis*, equally applicable to the interpretation of statutes and contracts, provides, "when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words." *Cape Henry v. National Gypsum*, 229 Va. 596, 603, 331 S.E.2d 476 (1985). In the instant case, the retirement benefits relate to an identifiable property interest in juxtaposition to a mere expectancy. It is the existence of the retirement pension resulting from his employment and not the years of service used to determine the benefit to be received that is the object of the Agreement and embraced within the contemplated "retirement benefits through his employment."

Had the parties contemplated the conveyance of future benefits not in existence at the time of the execution of the Agreement, they would have said so. At the time the Agreement was executed, the provisions of the Tax Reform Act of 1986 were available to an inquiring public as were the resultant actions of the General Assembly to conform the pension and retirement laws of the Commonwealth to the Act.

The testimony of the parties does not support any other conclusion than that it was within the reasonable contemplation of the parties at the time of the execution of the Agreement that only Mr. Roth's earned pension benefits acquired as a result of his employment and payable by a Plan *in esse* would be due Mrs. Roth upon his retirement.

Accordingly, the Motion to Enforce is denied and this case is to be placed among the ended causes.

The parties shall be responsible for their own attorney's fees.